**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Driesen, on behalf of herself and all others similarly situated, | No. CV-18-08140-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| RSI Enterprises Incorporated, | |
| Defendant. | |

Kimberly Driesen ("Driesen") alleges that she received a voicemail on February 27, 2018 at 10:12 a.m. that provided as follows: "We have an important message from RSI Enterprises. This call is from a debt collector. Call 602-627-2301. Thank you." (Doc. 1 ¶¶ 21-22.) In this lawsuit, Driesen asserts a claim against RSI under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Specifically, Driesen alleges that RSI "violated 15 U.S.C. § 1692e(11) by failing to disclose in its initial communication with [her] that the communication was an attempt to collect a debt and any information obtained would be used for that purpose." (Doc. 1 ¶ 56.) RSI has, in turn, moved to dismiss under Rule 12(b)(6) on the ground that its alleged failure to comply with § 1692e(11) was immaterial. (Doc. 16.)

Before addressing RSI's motion to dismiss, the Court must assure itself that Driesen has standing, which is a prerequisite to jurisdiction. *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 895 (9th Cir. 2011) ("[T]he Supreme Court has specifically instructed that a district court must first determine whether it has jurisdiction before it can decide

whether a complaint states a claim.").  Here, the complaint seems to allege that a debt collector causes a constitutionally-cognizable injury whenever it violates the FDCPA. (Doc. 1 ¶¶ 4-5).  On the one hand, this assertion seems difficult to reconcile with the Supreme Court's holding in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), that "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right," that "Article III standing requires a concrete injury even in the context of a statutory violation," and that a plaintiff therefore cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."  *Id.* at 1549.  On the other hand, it nevertheless appears that "the overwhelming majority of district courts to address standing in FDCPA cases have . . . rejected defendants' post-*Spokeo* standing challenges."  *Byrne v. Oregon One, Inc.*, 2017 WL 3568412, *4 (D. Or. 2017), *report and recommendation adopted*, 2017 WL 3568398 (D. Or. 2017).

Accordingly, **IT IS ORDERED** that the parties submit supplemental briefs on the following issue: whether Driesen has standing to pursue the claim asserted in her complaint.  The deadline for the parties to submit simultaneous briefs on this issue shall be **Friday, January 11, 2019**.  No responses or replies to the supplemental briefs are permitted.  Each brief shall not exceed 7 pages in length.

Dated this 28th day of December, 2018.

Dominic W. Lanza
United States District Judge